IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 4, 2011

## JOHNNY J. PETERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-06768     James C. Beasley, Jr., Judge**

**No. W2011-00367-CCA-R3-PC  - Filed March 29, 2012**

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. I respectfully disagree, though, with the reasoning used. I believe the evidence fairly raised the issue of self-defense, thereby justifying an instruction to the jury. I also believe that under the facts in this case, self-defense was not inconsistent with a claim of reckless homicide. I, however, am not persuaded that counsel performed deficiently nor that prejudice has been shown.

Relative to the self-defense issue, the majority opinion states that the petitioner's trial testimony "did not suggest a reasonable belief that there was imminent danger of death or serious bodily injury," as is required for self-defense. The problem, though, is that the majority infers this from other evidence. The petitioner said he saw Jimmy Freeman with a gun and that he was afraid. He said that as they were driving away, he saw Freeman behind a pole "trying to hide" but in a position where Freeman "could have pulled a gun and shot." When determining whether a "statutory defense is fairly raised by the proof so as to require its submission to the jury, a court must, in effect, consider the evidence in the light most favorable to the defendant, including drawing all reasonable inferences flowing from that evidence." State v. Shropshire, 874 S.W.2d 634, 639 (Tenn. Crim. App. 1993). I think such consideration of the petitioner's testimony at the trial would warrant a self-defense instruction.

Relative to the majority opinion's view that a self-defense theory was inconsistent with a theory that the offense was reckless homicide, I believe the facts support the view that the two are consistent. If the level of fear and justification attendant to self-defense were not present in the jury's view, the petitioner's claim that some fear was present when he shot the victim could support reckless homicide, as well.

Relative to the petitioner's claim of ineffective assistance due to counsel's decision to forego a claim of self-defense, I believe the evidence adequately supports counsel's decision. The evidence overwhelmingly justifies a homicide conviction, and an error regarding the failure to give a self-defense instruction would have been harmless beyond a reasonable doubt. In this regard, counsel's focus on obtaining a reckless homicide conviction under such circumstances was reasonable. Therefore, I concur in the results reached in the majority opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE